

# NUMBER 13-26-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ESMERALDA GONZALEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West[1]**

By petition for writ of mandamus, relator Esmeralda Gonzalez seeks to compel the trial court to: (1) vacate an April 14, 2026 "Order Granting Plaintiffs' Second Motion to Enforce Mediated Settlement Agreement" and the attached writ of possession; (2) refrain from giving effect to the "Final Agreed Judgment" and the "Order Granting Plaintiffs'

---

[1] *See* Tᴇx. R. Aᴘᴘ. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Motion to Enforce Mediated Settlement Agreement," both signed on June 5, 2025; and (3) disregard any actions taken in the case by a "disqualified" judge prior to recusal. We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy by appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840–44.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, Elijah Keith Adams, individually and as executor of the estate of E. Harvey Adams, Judy Adams, Gayle Misenhimer, Janet Whorton, and Sharon Self, the record, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we lift the stay previously imposed

2

in this original proceeding. *See* TEX. R. APP. P. 52.10(b). We deny the petition for writ of mandamus.

JON WEST
Justice

Delivered and filed on the
17th day of July, 2026.

3